Eric S. Landau (ESL-5013)
LAW OFFICE OF ERIC S. LANDAU
2024 East 64th Street
Brooklyn, NY 11234
ericslandau@gmail.com
718-440-6723
13478616705
*Attorney for Plaintiff*
*Prime Hookah Inc.*

**UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW JERSEY**

PRIME HOOKAH INC.,
  a New Jersey corporation,
          Plaintiff

**COMPLAINT FOR DAMAGES
AND   INJUNCTIVE RELIEF**

V.

**MK DISTRIBUTORS INC**, A Massachusetts
Corporation, **URVASHIBEN PATEL**, an individual
**KING GT INC**, A Massachusetts
Corporation, **RASHID AZEEM**, an individual,
**CHAUDHARY QASIM LATIF** aka (Sam),
an individual, **TANVEER SYED SHAH**,
an individual, **ABC Company** and **DOES 1-10**,

  Plaintiff Prime Hookah Inc. (hereinafter "Prime" or "Plaintiff"), by and through its

undersigned counsel, hereby brings this action against Defendants MK Distributors Inc.

("MK"), Urvashiben Patel ("Patel"), King GT INC ("GT"), Rashid Azeem (" Azeem"),

Chaundhary Qasim Latif ("Sam"), Tanveer Syed Shah ("Shah") (collectively hereinafter

"Defendants"), and alleges as follows:

<u>INTRODUCTION</u>

1.  This is a civil action for wilful trademark counterfeiting, trademark infringement,

    false designation of origin, trademark dilution, unfair competition, as well as

    unlawful importation of goods bearing infringing and counterfeit marks pursuant

to the Lanham Act (15 U.S.C. § 1051, et seq.), and the common law of the State of New Jersey. As a result of Defendants' wilful conduct Plaintiff seeks injunctive relief, profits, damages, attorneys' fees and costs, and other relief from this Court.

## PARTIES

2.  Prime is now, and at all times relevant herein was, a corporation organized under the laws of the State of New Jersey, with its principal place of business located in South Amboy, New Jersey. Plaintiff has many brands and trademarks. One of the many brands includes DUD charcoal.

## THE DEFENDANTS

3. Plaintiff is informed and believes, and on that basis alleges, that Defendant MK is a Massachusetts corporation located at 12 Henshaw St. in Woburn, MA   01801. Exhibit A

4.  Plaintiff is informed and believes, and on that basis alleges, that Defendant Patel is the president, treasurer, secretary, and director.  He is also the registered agent for MK. He is located at 95 Audubon Rd apt # 907 Wakefield, MA 01880

5. Plaintiff is informed and believes, and on that basis alleges, that Defendant GT is located at 480 Neponset St ste 4-A, Canton, MA  02021. Exhibit B

6. Plaintiff is informed and believes, and on that basis alleges, that Defendant Azeem is the registered agent for GT and operates the business. He is located at 480 Neponset St ste 4-A, Canton MA  02021.

7. Plaintiff is informed and believes and on that basis alleges that Defendant Sam is the President, Secretary and a director of King. He is located at 962 Mass Ave Boston MA, 02118.

8.  Plaintiff is informed and believes, and on that basis alleges, that Defendant Shah is the Treasurer, Vice President and a director for GT.  He is located at 121 Center Street Bellingham, MA 02324.

9. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues said defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint when the same shall have been ascertained. Plaintiff is informed and believe, and based thereon allege that, each DOE defendant was responsible intentionally, or in some other actionable manner, for the events and happenings referred to herein, which proximately caused injury and damage to Plaintiff, as hereinafter alleged.

10.  Any reference to Defendants shall refer to each named defendant and all DOE defendants, and to each of them, unless otherwise specified.

<u>Agency</u>

11. At all times herein mentioned, each Defendant was the agent, servant, joint venturer, partner, or employee of the other Defendants, successor corporations, successors in interest or entities, and in doing the actions herein alleged, were acting within the purpose and scope of said agency or employment at the time of the alleged acts. All Defendants were acting within the scope and course of that agency and employment and with the knowledge and implied and/or express consent and permission of the other Defendants.

<u>JURISDICTION AND VENUE</u>

12. This Court has original jurisdiction over this action pursuant to 15 U.S.C. §§ 1117 and 1121, and 28 U.S.C. §§ 1331 and 1338, in that this Complaint raises federal questions under the United States Trademark Act (Lanham Act), 15 U.S.C. § 1051 et seq. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

13. The Court has personal jurisdiction over Defendants because they have purposefully engaged in using counterfeit trademarks that are identical and/or confusingly similar to Prime's trademarks in connection with the sale and distribution of charcoal for use with hookah pipe products or any such accessories in the United States. Since Prime's extensive use and registered trademark provides constructive notice of Prime's intellectual property rights and Prime's location. Defendants knew or should have known that their activities were directed towards New Jersey, and the effect of those activities would be felt in New Jersey.

14. The Court also has personal jurisdiction over Defendants because they have engaged in business online, and shipped the infringing products into New Jersey. Defendants also sold within Brooklyn, where Prime sells.  Attached is photos of the products that were offered for sale.

15. The Defendants' business activities were directed to New Jersey, and have therefore committed tortious acts within the State.

16. The Court also has personal jurisdiction over Defendants because they have purposefully availed themselves of the opportunity to conduct commercial activities in this forum. The Complaint arises out of those commercial activities.

17. Additionally Defendant MK during their course of business have attended numerous tradeshows in NJ including the Champs Trade show.

18.  Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c) in that substantial injury occurred and continues to occur in this district, a substantial portion of the events that are the subject of this action took place in this district, and Defendants are doing business within this judicial district by advertising, selling and shipping.

### Prime Hookah's Trademark

19.  Since 2015 Prime has advertised, offered for sale, and sold its hookah related charcoal products and other related products throughout the United States. Prime's hookah related products, including its  "DUD", have been widely advertised, offered for sale and sold throughout the United States under the trademark DUD trademarks have at all relevant times been owned by Prime Hookah Inc. Exhibit C

20. As a result of their exclusive and extensive use, the DUD name and its trademark have acquired enormous value and recognition in the United States and throughout the world. DUD trademark is well known to the consuming public and within the trade of charcoal. The identifying and distinguishing exclusively and uniquely marks as the source of origin of the high quality hookah related products, including hookah charcoal products to which the marks are applied. The DUD trademark is both inherently distinctive and famous in the hookah industry.

21. The Prime's trademarks registered in the United States Patent and Trademark Office for hookah charcoal, include the registration for DUD.

22.  The serial number is 87498220 and was filed on June 20 2017. Exhibit D



### DEFENDANTS' WRONGFUL ACTIVITIES

23. This case is about Defendants' egregious infringement of Prime's intellectual property rights, and other violations of federal law. It is egregious because Defendants

have, without the consent of Prime, imported, distributed, transported, sold, offered to sell, or assisted in or caused the importation, distribution, transportation, sales, or offer to sell in interstate commerce of charcoal products bearing unauthorized reproductions, copies, counterfeits and colorable imitations of Prime's Trademarks (hereinafter "Defendants' Counterfeit DUD Charcoal").

24. It is believed that MK purchased their goods from GT.

25. MK was selling DUD on their website using

https://www.mkdistributor.com/index.php?route=product/category&path=394

26. MK was warned on or about August 8th by letter to cease and desist all advertising and selling of DUD.  Exhibit E.

27. MK was warned again on Oct 5th to cease and desist and to turn over their entire DUD inventory.

28. Finally MK received notice by fax to again cease and desist and to turn over their entire DUD inventory.

29. MK and GT both acknowledged that MK turned over the letters and faxes they received from the Plaintiff to GT

30. When Patel was called on the phone he acknowledged receipt of the letters and said he gave his entire inventory back to GT.

31. Later Patel acknowledged that he misrepresented the facts and he did not return his entire inventory, but sold them all.

32.   All the Defendants have advertised and sold goods under the DUD name on their website and to other vendors even though they were not authorized. GT was advertising and is still advertising DUD on their website.  https://kinggtinc.com/hookahs

33.  It is believed the Defendants have made numerous sales, and profits using the Plaintiff's name, image and logo. Attached are photos of the products that were offered for sale. Exhibit F

34. The acts of the Defendants in importing, distributing, transporting, or assisting in and/or causing the importation, distribution, transportation, and sale and/or offer to sell in interstate commerce of the DUD, (a) are likely to cause confusion and mistake among the consuming public that all such to think the inferior product is really under the DUD brand; (b) are likely to cause confusion and mistake among the consuming public that there is some affiliation, connection or association between Defendants and Prime (c) are likely to cause confusion and mistake among the consuming public that said DUD Charcoal are being offered to the consuming public with the sponsorship or approval of Prime; and/or (d) have caused and are likely to cause dilution of the distinctive quality of the DUD, trademarks.

35.  Defendants advertised, imported, distributed, transported, sold, offered for sale, or assisted in and/or caused the importation, distribution, transportation, and/or sale or offer for sale of the unauthorized sales of DUD products.

36. Defendants engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said DUD product line and for Defendants to gain the benefit of the enormous goodwill associated with the DUD, trademark and name. The aforementioned acts of Defendants are also likely to dilute, and have diluted, the distinctive quality of the DUD brand, logo and trademark.

<u>FIRST CAUSE OF ACTION</u>

## CLAIM FOR RELIEF (TRADEMARK COUNTERFEITING)

37. Prime repeats each and every allegation set forth in paragraphs 1 through 36 above as if fully set forth herein.

38. Defendants, without authorization from Prime, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the DUD trademark by advertising and marketing in interstate commerce.

39. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Defendants, and their counterfeit goods are associated with DUD.

40. Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

41. On information and belief, the acts of Defendants MK and Patel were done with full knowledge of the other Defendants, who sold them the products.

42. GT was directed and controlled by the actions of Sam, Azeem, Shah, who operated and directed the company.

43. Such conduct on the part of Defendants has injured DUD name, brand, logo and trademark in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Prime for which Prime has no adequate remedy at law.

## SECOND CAUSE OF ACTION

## (TRADEMARK INFRINGEMENT)

44. Prime repeats each and every allegation set forth in paragraphs 1 through 43 above as if fully set forth herein.

45. Defendants' use of the DUD trademark, without Prime's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114(1) in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of hookah charcoal and other products bearing counterfeit and infringing DUD trademarks.

46. On information and belief, the acts of Defendants MK and Patel were done with full knowledge of the other Defendants who sold them the products.

47. GT was directed and controlled by the actions of Sam, Azeem, Shah, who operated and directed the company.

48. Such conduct on the part of Defendants has injured DUD name, brand, logo and trademark in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Prime for which Prime has no adequate remedy at law.


THIRD CAUSE OF ACTION

(FALSE DESIGNATION OF ORIGIN)

49. Prime repeats each and every allegation set forth in paragraphs 1 through 48 above as if fully set forth herein.

50. As a result of Plaintiff's widespread use of Plaintiff's Mark, Plaintiff's Mark has achieved substantial goodwill, recognition and reputation throughout the United States.

51. Defendants' use of the DUD Hookah trademark, without Prime's consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact in violation of 15U.S.C.§l125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the

consuming public and trade as to the source, approval or sponsorship of the imported and distributed by Defendants bearing counterfeit and infringing DUD, trademarks.

52. These acts by the Defendants constitute a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53. On information and belief, the acts of Defendants MK and Patel were done with full knowledge of the other Defendants, who sold them the products.

54. Such conduct on the part of Defendants has injured the DUD brand, name, logo and trademark in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Prime for which Prime has no adequate remedy at law.

55. As a result of Defendants' actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.


## FOURTH CAUSE OF ACTION

### (FEDERAL TRADEMARK DILUTION)

56. Prime repeats each and every allegation set forth in paragraphs 1 through 55 above as if fully set forth herein.

57. The DUD trademarks are famous and inherently distinctive. They had numerous vendors who sold their products on websites throughout the United States. Prime and its predecessors in interest, in connection with the promotion and sale of their products, have used the DUD trademark for approximately 3 years on both a national and international basis. As a result of Prime's extensive and substantial promotion of the DUD, the

consuming public and trade have come to associate the DUD trademarks uniquely and distinctly with Prime and its high quality merchandise.

58. A while after the DUD was selling locally and nationally it became sought after. As a result the Defendants, without authority from Prime, began selling their product with unauthorized reproductions of the logo and trademark, counterfeits, copies and colorable imitations of the DUD logo and trademark. These actions thereby caused, and are causing, the actual dilution of the distinctive qualities of these registered trademarks.

59. As a result of the actions, Defendants have engaged in trademark dilution in violation of 15 U.S.C. § 1 125(c).

60. On information and belief, the acts of Defendants MK and Patel were done with full knowledge of the other Defendants, who sold them the products.

61. Such conduct on the part of Defendants has injured DUD name, brand, logo and trademark in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Prime for which Prime has no adequate remedy at law.

FIFTH CAUSE OF ACTION

(IMPORTATION OF GOODS BEARING INFRINGING MARKS OR NAMES)

62. Prime repeats each and every allegation set forth in paragraphs 1 through 61 above as if fully set forth herein.

63. Defendants imported Counterfeit with the intention of substituting it for DUD, trademarks in violation of 15 U.S.C. § 1124.

64. Defendants have materially contributed to the importation of Counterfeit of DUD

65. Defendants have realized gains and profits from the importation, or assisting in the importation, by marketing and advertising to DUD.

66. On information and belief, the acts of Defendants MK and Patel were done with full knowledge of the other Defendants, who sold them the products.

67. Such conduct on the part of Defendants has injured DUD's name, brand, logo and trademark in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Prime for which Prime has no adequate remedy at law.

SIXTH CAUSE OF ACTION

UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

68.  Prime repeats each and every allegation set forth in paragraphs 1 through 67 above as if fully set forth herein.

69. Defendants knowingly and wilfully have used and continue to use the name, DUD, which is likely to cause confusion, and has caused confusion, in the relevant marketplace, with Plaintiff's Mark, in the State of New Jersey, and across numerous other states where Plaintiff and Defendants conduct business.

70. Defendants' acts constitute unfair competition under New Jersey State Law, and have created and will continue to create a likelihood of confusion of the DUD line. Thus will cause irreparable injury to Prime unless restrained by this Court. Prime has no adequate remedy at law for this injury.

70. Defendants have solicited business using the name DUD despite its knowledge that Plaintiff owns and controls the lawful use of Plaintiff's Mark.

71. These acts by Defendants constitute unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

72. Defendants' actions demonstrate an intentional, wilful and malicious intent to trade on the goodwill associated with the DUD.As a result of Defendants' actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

73. The foregoing acts of Defendants are causing irreparable injury to DUD, and to its goodwill and reputation, and will continue to both damage Prime, its brand and it will result in deceiving the public unless enjoined by this Court. Prime has no adequate remedy at law, injunctive relief is warranted considering the hardships between Prime and Defendants, and the public interest would be served by enjoining Defendants' unlawful activities.

73. On information and belief, the acts of Defendants MK and Patel were done with full knowledge of the other Defendants, who sold them the products.

74. Such conduct on the part of Defendants has injured DUD's name, brand, logo and trademark in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Prime for which Prime has no adequate remedy at law.


SEVENTH CAUSE OF ACTION

TRADEMARK INFRINGEMENT UNDER NEW JERSEY COMMON LAW

73.  Prime repeats each and every allegation set forth in paragraphs 1 through 72 above as if fully set forth herein.

74. Plaintiff's mark is distinctive by virtue of inherent distinctiveness and/or the acquired distinctiveness in the mark, through Plaintiff's efforts of promoting its goodwill and reputation in the relevant marketplace.

75. Defendants knowingly and wilfully have used and continue to use the name, DUD, which is likely to cause confusion, and has caused confusion, in the relevant marketplace, with Plaintiff's Mark, in the State of New Jersey, and across numerous other states where Plaintiff and Defendants conduct business.

76. The Defendants will, if not preliminary and permanently enjoined by the Court, continue its acts of trademark infringement as defined by the common laws of New Jersey, thereby deceiving the public, and causing Plaintiff immediate and irreparable harm, damage and injury.

77. Defendants' acts constitute common law trademark infringement under New Jersey State Law, and have created and will continue to create a likelihood of confusion of the DUD line. Thus will cause irreparable injury to Prime unless restrained by this Court. Prime has no adequate remedy at law for this injury.

78.  Defendants advertised and used DUD's name, image, trademark and likeness in order to make sales of fake products.

79. On information and belief, the acts of Defendants MK and Patel were done with full knowledge of the  other Defendants, who sold them the products. The actions violated DUD's use of and statutory and common law rights to the PRIME trademarks, and without regard to the likelihood of confusion of the public created by Defendants' activities.

80. Defendants' actions demonstrate an intentional, wilful and malicious intent to trade on the goodwill associated with the DUD, trademark to the great and irreparable injury to Prime. This is especially true, because Defendants still advertised and sold the infringing product a while after being warned.

81. On information and belief, the acts of Defendants MK and Patel were done with full knowledge of the  other Defendants, who sold them the products.

82. The foregoing acts of Defendants are causing irreparable injury to DUD and to its goodwill and reputation, and will continue to both damage Prime, its brand and it will result in deceiving the public unless enjoined by this Court. Prime has no adequate remedy at law, injunctive relief is warranted considering the hardships between Prime and Defendants, and the public interest would be served by enjoining Defendants' unlawful activities.

83. On information and belief, the acts of Defendants MK and Patel were done with full knowledge of the  other Defendants, who sold them the products.

84. Such conduct on the part of Defendants has injured DUD's name, brand, logo and trademark in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Prime for which Prime has no adequate remedy at law.

EIGHTH CAUSE OF ACTION

UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW

83. Prime repeats each and every allegation set forth in paragraphs 1 through 82 above as if fully set forth herein.

84. The aforementioned collective acts of the Defendants constitute unfair competition and unfair business practices contrary to the common laws of New Jersey.

85. The Defendants will, if not preliminary and permanently enjoined by the Court, continue its acts of unfair competition as defined by the common laws of New Jersey, thereby deceiving the public, and causing Plaintiff immediate and irreparable harm, damage and injury.

86. As a result of the Defendants' collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

87. Defendants' acts constitute common law trademark infringement and unfair competition under New Jersey State Law, and have created and will continue to create a likelihood of confusion of the DUD line. Thus will cause irreparable injury to Prime unless restrained by this Court. Prime has no adequate remedy at law for this injury.

88. Defendants advertised and used DUD's name, image, trademark and likeness in order to make sales of fake products.

89. On information and belief, the acts of Defendants MK and Patel were done with full knowledge of the other Defendants, who sold them the products. The actions violated DUD's use of and statutory and common law rights to the PRIME trademarks, and without regard to the likelihood of confusion of the public created by Defendants' activities.

90. Defendants' actions demonstrate an intentional, wilful and malicious intent to trade on the goodwill associated with the DUD, trademark to the great and irreparable injury to Prime. This is especially true, because Defendants still advertised and sold the infringing product a while after being warned.

91. On information and belief, the acts of Defendants MK and Patel were done with full knowledge of the other Defendants, who sold them the products.

92. The foregoing acts of Defendants are causing irreparable injury to DUD and to its goodwill and reputation, and will continue to both damage Prime, its brand and it will result in deceiving the public unless enjoined by this Court. Prime has no adequate

remedy at law, injunctive relief is warranted considering the hardships between Prime and Defendants, and the public interest would be served by enjoining Defendants' unlawful activities.

PRAYER FOR RELIEF

WHEREFORE, Prime demands judgment as follows:

A. Permanently enjoining and restraining Defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them:

1. From advertising, marketing, or in any other way use the DUD, name, logo or trademark without the consent of Prime.

2. From committing any act calculated to cause purchasers to believe that products from Defendants are those sold under the control and supervision of Prime, or are sponsored, approved, or guaranteed by Prime, or are connected with and produced under the control or supervision of Prime;

B. Directing Defendants to deliver for destruction all products, labels, tags, artwork, prints, signs, packages, dies, plates, molds, matrices and any other means of production, wrappers, receptacles and advertisements in their possession, custody or control bearing resemblance to the DUD, trademarks and/or any unauthorized reproductions, copies, or colorable imitations thereof.

C. Directing Defendants to identify all of the places it advertise, marketed and sold products under DUD, name, trademark and logo.

D. Directing such other relief as the Court may deem appropriate to prevent any erroneous impression among the trade and/or public that any product at issue in this case

that has been offered for sale, sold or otherwise circulated or promoted by Defendants is authorized by Prime or is related to or associated in any way with Prime's products.

E. Requiring Defendants to account for and pay Prime all profits realized by their wrongful acts and directing that such profits be trebled due to Defendants' wilful actions.

F. Awarding Prime, at its election, statutory damages in the amount of $2,000,000.00 per mark for each type of good in connection with which Defendants used counterfeits of the DUD.

G. Awarding Prime its costs and reasonable attorneys' and investigatory fees and expenses, together with pre-judgment interest.

Damages to be paid to Plaintiff by Defendants as follows:

H. Actual damages sustained as a result of Defendants' wrongful actions;

I. Defendants' profits made as a result of Defendants' wrongful actions;

J. Exemplary and/or treble damages;

K. An award of prejudgment and post-judgment interest and costs of suit;

L. Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

M. Awarding Prime such other and further relief as the Court may deem just and proper

Respectfully Submitted

February 27, 2019

\s\ Eric S. Landau
Eric S. Landau
LAW OFFICE OF ERIC S. LANDAU
2024 East 64th Street
Brooklyn, NY 11234
ericslandau@gmail.com

718-440-6723
1348616705
*Attorney for Plaintiff*
*Prime Hookah Inc.*

# EXHIBIT A



# William Francis Galvin
## Secretary of the Commonwealth of Massachusetts



# Corporations Division

## Business Entity Summary

**ID Number: 001288623**

Request certificate    New search

**Summary for:  MK DISTRIBUTORS INC**

| | |
|---|---|
| **The exact name of the Domestic Profit Corporation:**  MK DISTRIBUTORS INC | |
| **Entity type:**  Domestic Profit Corporation | |
| **Identification Number:** 001288623 | |
| **Date of Organization in Massachusetts:**<br>08-29-2017 | |
| **Last date certain:** | |
| **Current Fiscal Month/Day:** 12/31 | |
| **The location of the Principal Office:**<br><br>Address:  12 HENSHAW ST<br>City or town, State, Zip code,       WOBURN,  MA  01801  USA<br>Country: | |
| **The name and address of the Registered Agent:**<br><br>Name:    URVASHIBEN PATEL<br>Address:  95 AUDUBON RD APT # 907<br>City or town, State, Zip code,       WAKEFIELD,  MA  01880  USA<br>Country: | |

**The Officers and Directors of the Corporation:**

| Title | Individual Name | Address |
|---|---|---|
| PRESIDENT | URVASHIBEN PATEL | 95 AUDUBON RD, APT #907 WAKEFIELD, MA 01880 USA |
| TREASURER | URVASHIBEN PATEL | 95 AUDUBON RD, APT #907 WAKEFIELD, MA 01880 USA |
| SECRETARY | URVASHIBEN PATEL | 95 AUDUBON RD, APT #907 WAKEFIELD, MA 01880 USA |
| DIRECTOR | URVASHIBEN PATEL | 95 AUDUBON RD, APT #907 WAKEFIELD, MA 01880 USA |

**Business entity stock is publicly traded:** ☐

**The total number of shares and the par value, if any, of each class of stock which this business entity is authorized to issue:**

| Class of Stock | Par value per share | Total Authorized | Total issued and |
|---|---|---|---|

# EXHIBIT B



# William Francis Galvin
## Secretary of the Commonwealth of Massachusetts



# Corporations Division

## Business Entity Summary

**ID Number: 001201504**

Request certificate　　New search

**Summary for:　KING GT INC.,**

| | |
|---|---|
| **The exact name of the Domestic Profit Corporation:**　KING GT INC., | |
| **Entity type:**　Domestic Profit Corporation | |
| **Identification Number:** 001201504 | |
| **Date of Organization in Massachusetts:**<br>12-17-2015 | |
| | **Last date certain:** |
| **Current Fiscal Month/Day:** 12/31 | **Previous Fiscal Month/Day:** 12/31 |

**The location of the Principal Office:**

Address:　480 NEPONSET ST, STE 4-A

City or town, State, Zip code,　　CANTON,　MA　02021　USA
Country:

**The name and address of the Registered Agent:**

Name:　　RASHID AZEEM

Address:　480 NEPONSET STREET UNIT # 4-A

City or town, State, Zip code,　　CANTON,　MA　02021　USA
Country:

**The Officers and Directors of the Corporation:**

| Title | Individual Name | Address |
|---|---|---|
| PRESIDENT | CHAUDHARY QASIM LATIF | 962 MASS AVE BOSTON, MA 02118 USA |
| TREASURER | TANVEER SYED SHAH | 121 CENTER STREET BELLINGHAM, MA 02324 USA |
| SECRETARY | CHAUDHARY QASIM LATIF | 962 MASS AVE BOSTON, MA 02118 USA |
| VICE PRESIDENT | TANVEER SYED SHAH | 121 CENTER STREET BELLINGHAM, MA 02324 USA |
| DIRECTOR | TANVEER SYED SHAH | 121 CENTER STREET BELLINGHAM, MA 02324 USA |
| DIRECTOR | CHAUDHARY QASIM LATIF | 962 MASS AVE BOSTON, MA 02118 USA |

**Business entity stock is publicly traded:**　☐

EXHIBIT C



# PRIME Hookah INC

460 Broadway St, BAYONNE , NJ , 07002
TELL: 877-741-7510 - Info@primehookah.com

## INVOICE
**#INV-3764**

**Bill To:**
ELT█████
1494 NEWMAN AVE
SEEKONK, MA 02771
Tell:(50█ ███ ████
Cell: ███████████████

**Ship To:**
█████AN███C
149█ ██EW██AN AVE
SEEKONK, MA 02771
Te█████████████
Tell:(508) 369-3293

| DATE | TERMS | DUE DATE | FedEx or USPS Tr |
|------|-------|----------|------------------|
| 09.25.15 | COD FedEx collect | 10.02.15 | Driver Took Sig |

| Qty | Description | Price |
|-----|-------------|-------|
| • 36.00 | ZEBRA SMOKE A1-HOOKAH 21" 12/CASE MIX COLOR<br>1 HOSE SUMMER COLOR GLOW IN DARK<br>****3 CASE****** | $7.75 |
| • 36.00 | ZEBRA SMOKE MEDIUM A1-HOOKAH 21" 12/CASE MIX COLOR<br>2 HOSE SUMMER COLOR GLOW IN DARK<br>****3 CASE****** | $8.75 |
| • 48.00 | ZEBRA SMOKE PUMKIN X1-HOOKAH 11" 24CASE MIX COLOR<br>1 HOSE SUMMER COLOR GLOW IN DARK<br>****2CASE****** | $3.25 |
| • 48.00 | ZEBRA SMOKE PUMKIN X1-HOOKAH 11" 24/CASE MIX COLOR<br>2 HOSE SUMMER COLOR GLOW IN DARK<br>****2CASE****** | $3.75 |
| • 120.00 | ZEBRA SMOKE PUMKIN X2-HOOKAH 11" 24/CASE MIX COLOR<br>2 HOSE ************SALE******<br><br>****5CASE****** | $2.75 |
| • 12.00 | ZEBRA SMOKE DUD C2-HOOKAH 32" 6/CASE MIX COLOR<br>2 HOSE SUMMER COLOR GLOW IN DARK<br>****2CASE****** | $17.75 |
| • 12.00 | ZEBRA SMOKE DUD C2-HOOKAH 32" 6/CASE MIX COLOR<br>1 HOSE SUMMER COLOR GLOW IN DARK<br>****2CASE****** | $18.75 |
| • 24.00 | ZEBRA SMOKE GLASS QD-HOOKAH 15" 12/CASE MIX COLOR<br>2 HOSE*********SALE*********<br>****2CASE****** | $7.00 |
| • 24.00 | ZEBRA SMOKE GLASS QD-HOOKAH 15" 12/CASE MIX COLOR<br>1 HOSE ******SALE*********<br>****2CASE****** | $7.50 |

# EXHIBIT D



**United States Patent and Trademark Office**



# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Feb 27 04:51:02 EST 2019*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [   ] OR Jump to record: [   ]   **Record 10 out of 218**

---

TSDR | ASSIGN Status | TTAB Status *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **DUD** |
| **Goods and Services** | IC 034. US 002 008 009 017. G & S: Hookah parts, namely, hoses, bowls, mouthpieces, and bases; Hookahs; Smoking pipes; Tobacco water pipes. FIRST USE: 20160805. FIRST USE IN COMMERCE: 20160805 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 01.15.03 - Fire (flames), other than emanating from objects, words, numbers, fireplaces or candles; Flames, other than flames emanating from objects, words, numbers, fireplaces or candles
01.15.15 - Fire (flames), emanating from objects, words or numbers
26.01.02 - Circles, plain single line; Plain single line circles |
| **Serial Number** | 87498220 |
| **Filing Date** | June 20, 2017 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | November 7, 2017 |
| **Registration Number** | 5385192 |
| **Registration Date** | January 23, 2018 |
| **Owner** | (REGISTRANT) Prime Hookah Inc CORPORATION NEW JERSEY 460 Broadway Bayonne NEW JERSEY 07002 |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of the stylized term "DUD" featuring a flame design emanating from the letter "U" therein all enclosed within a circle. The letters in "DUD" are merged together and incomplete. |

**Type of Mark**     TRADEMARK

**Register**         PRINCIPAL

**Live/Dead Indicator**   LIVE

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

| .HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT E

# LAW OFFICE of Eric S. Landau

**2024 East 64th Street**
**Brooklyn, NY 11234**

Phone 718-440-6723  fax 13478616705
Email ericslandau@gmail.com



August 20 2018

**M K Distributors**
12 Henshaw Street
 Woburn MA USA 018019

 Re: Your infringement

 Our firm represents Prime Hookah, who has trademark DUD with a flame.  As can be seen with
the attached trademark registration, Prime registered this trademark on January 28th 2018. We
have recently discovered that your business is using our mark of DUD with a flame for your
service or product. We believe your use infringes on our ownership of the said mark.
Furthermore we have discovered your use of the mark on several of your products on your
website.  Your use of DUD  with a flame is a violation of Prime Hookah's common law
trademark rights, common law service mark rights, and trade name rights, and this letter
constitutes Prime Hookah's demand that you cease and desist any and all use of these domain
names. Please bare in mind while the purpose of this letter is to open a dialogue between us,
please be advised that we are prepared to take all actions necessary to protect our mark. You
have infringed on our mark. You must cease and desist any use of the mark. Furthermore, you
should sign a statement certifying that you will cease using the mark. Furthermore we will want
an accounting of all sales you used that you used the DUD. In addition we will want you to sign

an agreement that you will not use this trademark without purchasing the products directly from

Prime, or by obtaining explicit permission from Prime. We recommend that you consult with an

attorney before taking any action.

If you have any questions about this letter, please feel free to contact me.


Sincerely

Eric S. Landau

EXHIBIT F







